THE STATE OF OHIO, APPELLEE, *v.* THOMAS, APPELLANT.

[Cite as *State v. Thomas,* 106 Ohio St.3d 133, 2005-Ohio-4106.]

(No. 2004–0900—Submitted March 29, 2005—Decided August 31, 2005.)

PFEIFER, J.

{¶ 1} The issue before us is whether the evidence at trial was sufficient to show that appellant was fleeing immediately after committing a theft offense when he struggled with and injured an off-duty police officer. If the appellant was fleeing when his head struck the officer, then he can be charged with and convicted of robbery. R.C. 2911.02. If he was not fleeing immediately after committing the offense, then he can be convicted only of theft, a nonviolent crime. R.C. 2913.02(A)(1). Though not relevant to the resolution of the issue before us, the classification of the crime is significant to the appellant, who has a prior violent-crime conviction and consequently faces a more severe penalty if convicted of a second. For the reasons that follow, we conclude that the evidence was insufficient to show that appellant was fleeing immediately after the offense when he struggled with the officer.

I

{¶ 2} That appellant, Willie Thomas, committed a theft is not seriously contested. He was observed leaving a grocery store on July 20, 2002, with two bags of merchandise that he had not paid for. Soon after leaving the store, Thomas dropped the bags and continued walking away from the store. Matthew Craska, a uniformed off-duty police officer working security at the grocery store, followed Thomas into a nearby laundromat. Craska told Thomas to step outside, which he did. The two of them started back toward the store. When they got to the front door, Thomas attempted to run away and, in the ensuing struggle, struck Craska in the face with his head.

{¶ 3} A jury found Thomas guilty of robbery. Thomas appealed, and the court of appeals affirmed the conviction, finding sufficient evidence to sustain the robbery conviction. The court of appeals determined that its judgment conflicted with *State v. Turner* (Sept. 27, 1983), Franklin App. No. 83AP–226, 1983 WL 3701, and certified the following question:

{¶ 4} "In order to constitute 'robbery' under R.C. 2911.02, must the force attendant to the theft offense be inflicted in furtherance of a purpose to deprive another of property?"

{¶ 5} The court of appeals also determined that its judgment conflicted with *State v. Akers* (June 11, 1982), Wood App. No. WD–82–4, 1982 WL 6454, and certified the following question:

{¶ 6} "When a person who has committed a theft offense abandons the subject property and submits to apprehension by authorities, if even for a brief time, can the use of any subsequent force to resist further detention constitute the offense of robbery under R.C. 2911.02?"

{¶ 7} The cause is now before this court upon our determination that a conflict exists. *State v. Thomas,* 103 Ohio St.3d 1423, 2004-Ohio-4524, 814 N.E.2d 488.

## II

{¶ 8} R.C. 2911.02, the robbery statute, provides:

{¶ 9} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 10} "* * *

{¶ 11} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.

{¶ 12} "(3) Use or threaten the immediate use of force against another."

{¶ 13} A plain reading of the statute indicates that the offense of robbery is committed when the offender, while fleeing immediately after a theft or an attempted theft, (1) attempts, threatens, or inflicts physical harm or (2) uses force or threatens to use immediate force. The statute plainly does not require that "the force attendant to the theft offense be inflicted in furtherance of a purpose to deprive another of property," as posed in the first certified question. In construing a statute, a court must implement the intent of the legislature by giving effect to the words used, not by deleting or adding words. *State v. Moody,* 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268, ¶ 15. Accordingly, we answer the first certified question in the negative.

{¶ 14} For purposes relevant to this case, we assume (because it is not contested) that striking a police officer in the face with one's head, whether intentionally or inadvertently, is either the "inflict[ion of] physical harm" or the "use of force against another." Our task is to determine whether the evidence was sufficient to show that Thomas inflicted harm while "attempting or committing a theft offense or in fleeing immediately after the attempt or offense." First, Thomas committed a theft offense; therefore, the "attempt" language is not relevant. Second, Thomas, having dropped the bags, was no longer "exert[ing]

control" over the unpaid-for merchandise and, therefore, was not "committing a theft offense" when he and Craska struggled. See R.C. 2913.02(A). Therefore, this case comes down to whether there was sufficient evidence to show that Thomas was "fleeing immediately" after committing a theft offense when he inflicted harm on Craska.

{¶ 15} Neither "fleeing" nor "immediately" is defined in the Revised Code. We begin, therefore, "with the time-honored rule that words used by the General Assembly are to be construed according to their common usage." *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 103, 522 N.E.2d 489. To "flee" is "[t]o run away from," "to try to escape," "[t]o hasten for safety," or "[t]o withdraw hastily." V Oxford English Dictionary (2d Ed.1989) 1037. "Immediately" means "[w]ith no person, thing, or distance, intervening in time, space, order, or succession," or "[w]ithout any delay or lapse of time." Id. at VII, 682. Black's Law Dictionary does not define the word "flee." It defines "immediate" as "[o]ccurring without delay." Black's Law Dictionary (8th Ed.2004) 764.

{¶ 16} It is readily apparent to us that the evidence was insufficient to show that Thomas was "fleeing immediately after" a theft when he inflicted harm on Craska. When Thomas and Craska neared the store, having walked together from the laundromat, Thomas was not "fleeing immediately" after a theft. There was a delay or lapse of time between the theft offense and the attempt to flee, so that Thomas's actions upon his return with Craska to the store's front door were not "immediately after" the theft offense within the meaning of R.C. 2911.02(A). Our conclusion in this case is fact-specific, as all determinations under this statute must be. Had Thomas struggled with Craska in an attempt to flee immediately after Thomas left the store, or after he dropped the stolen goods, or after being forced by Craska to return to the store, then an ensuing injury, attempt to injure, or threat to injure might justify elevation of the offense from theft to robbery. Based on the facts in the record, however, when the struggle that caused the harm occurred, Thomas was no longer "fleeing immediately after" the theft. Accordingly, we reverse the judgment of the court of appeals.

{¶ 17} Because we have found that Thomas was not "fleeing immediately after" a theft offense within the meaning of R.C. 2911.02, we decline to answer the second certified question, as it posits a scenario not presented by the facts in this case.

Judgment reversed
and cause remanded.

RESNICK, LUNDBERG STRATTON and LANZINGER, JJ., concur.

MOYER, C.J., and O'DONNELL, J., concur in judgment only.

O'CONNOR, J., dissents and would affirm the judgment of the court of appeals.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary H. McGrath, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.