DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, M.B., appeals the decision of the Summit County Court of Common Pleas, Juvenile Division, which found him to be a delinquent child following a probation violation and sentenced him to a two-year term of incarceration. We affirm.
 {¶ 2} On December 3, 2003, the Juvenile Court issued an order adjudicating Defendant as a delinquent child based upon a probation violation, two counts of vehicular assault, seven counts of grand theft of a motor vehicle, one count of failure to comply and one count of escape. The juvenile court found Defendant guilty of each charge as a Serious Youthful Offender ("SYO"), and committed Defendant to the custody of the Department of Youth Services ("DYS") for a minimum of six months, but not to exceed his twenty-first birthday, on the vehicular assault and escape charges. Each six-month minimum to age 21 sentence was to be served consecutively. The dispositions on the remaining charges were merged. The court imposed an adult prison term of two years, to be served concurrently, for each of the two SYO charges of vehicular assault. The court suspended this adult prison term sentence on the condition that Defendant successfully completed his juvenile disposition.
 {¶ 3} Defendant was granted early release from DYS in a judgment entry filed on September 17, 2004, which was contingent on the continued good behavior of Defendant. On October 15, 2004, while on parole, Defendant was arrested and charged with receiving stolen property, in violation of R.C. 2913.51, a fourth degree felony if committed as an adult. Defendant, while with friends, was involved with the theft of several cars from a local dealership. The State subsequently filed a motion to invoke the adult portion of Defendant's SYO sentence based on violations of his SYO status and parole.
 {¶ 4} Prior to trial, Defendant filed a motion to suppress the statements and evidence obtained from his interrogation, detention and arrest, specifically asserting that he was not properly advised of hisMiranda rights prior to being subjected to a police custodial interrogation. On November 30, 2004, the trial court found that the initial statements Defendant gave to police when they arrived at his house were admissible because Defendant was not under arrest at that time and was not in custody at his home. The court also found that statements given by Defendant at the police station, following a signed waiver of his Miranda rights, were admissible because Defendant was subjected only to a brief period of questioning, and was not subjected to any physical deprivation or inducement.
 {¶ 5} However, the court found that the statements made by Defendant while in the police cruiser on the way to the Detention Center, during which time he was clearly in custody and had invoked his right to counsel, were inadmissible and must be suppressed. The court reasoned that the discussion between Defendant and the detectives developed into an interrogation when Defendant was asked if he had stolen the vehicles, as the inquiry was no longer about Defendant's juvenile criminal history, but was specifically seeking an admission to criminal activity. The court concluded, "The statements made by [Defendant] while being transported to the Juvenile Detention Center and after his invocation of his right to counsel are suppressed. The balance of [Defendant's] statements are deemed admissible at [t]rial."
 {¶ 6} A trial was held on January 10, 2005, and Defendant was found to be a delinquent child by way of one count of receiving stolen property, as well as having committed a parole violation. Defendant's sentencing hearing was held January 20, 2005, and on January 28, 2005, the trial court issued a judgment entry which ordered the invocation of the adult portion of the SYO disposition and sentenced Defendant to a two-year term of incarceration. Defendant was given credit for 380 days for time served in detention and in the custody of DYS.
 {¶ 7} Defendant appealed, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court's decision and entry denying the motion to suppress [Defendant's] statements based on Miranda violations by the police officers is factually and legally incorrect, and, accordingly, denies [Defendant's] rights under the Fifth Amendment to the United States Constitution."
 {¶ 8} In his first assignment of error, Defendant asserts the trial court erred by failing to suppress the statements he made to police when the police came to his home and the statements he made later that same day while at the police station. We disagree.
 {¶ 9} A trial court makes both factual and legal findings when ruling on a motion to suppress. State v. Jones, 9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. An appellate court is to accept the trial court's findings of fact that are supported by credible evidence, as the trial court is in the best position to evaluate questions of fact, credibility, and weight of the evidence. State v. Miller (May 23, 2001), 9th Dist. No. 20227, at 5. However, we review the trial court's application of law to the factual findings de novo. State v. Russell
(1998), 127 Ohio App.3d 414, 416.
 {¶ 10} Under the Fifth Amendment to the United States Constitution, no person shall be compelled to be a witness against himself. Miranda v.Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694, provides that, in order to protect a defendant's Fifth Amendment right against self-incrimination, statements resulting from custodial interrogations are admissible only after a showing that law enforcement officers have followed certain procedural safeguards. Miranda, 384 U.S. at 444. Prior to custodial interrogation, a defendant must be informed that he has the right to remain silent, any statement he makes may be used as evidence against him, and he has the right to the presence of an attorney. Id.
 {¶ 11} A defendant may waive his Miranda rights, provided that the waiver was made knowingly, voluntarily and intelligently. State v.Farris, 9th Dist. No. 03CA0022, 2004-Ohio-826, at ¶ 9. The Ohio Supreme Court addressed the issue of a juvenile waiving his Miranda rights when it stated:
"The Supreme Court of the United States has noted with respect to juvenile defendants that `the constitutional privilege against self-incrimination is applicable in the case of juveniles as it is with respect to adults. * * * If counsel was not present for some permissible reason when an admission was obtained, the greatest care must be taken to assure that the admission was voluntary in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair.' In reGault (1967), 387 U.S. 155. In essence, the fact that a juvenile is subject to police interrogation does not change the nature of the constitutional rights afforded to him." In re Watson (1989),47 Ohio St. 3d 86, 88-89.
In determining whether a confession was voluntary, the court considers the totality of the circumstances, including the defendant's "age, mentality, and prior criminal experience * * * the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v.Edwards (1976), 49 Ohio St.2d 31, at paragraph two of the syllabus. A statement made after valid Miranda warnings is only involuntary if the evidence shows that the suspect's will was overcome due to coercive police conduct. State v. Dailey (1990), 53 Ohio St.3d 88, 91-92, citingColorado v. Connelly (1986), 479 U.S. 157, 170, 93 L.Ed.2d 473.
 {¶ 12} Defendant was a suspect in the theft of three cars from a local dealership when police arrived at his home to speak with him as part of their investigation. Defendant's mother was not at home, but his grandmother was present, invited the police officers inside and gave them permission to speak with Defendant. The detectives asked Defendant to ride with them back to the station so they could question him. Defendant agreed and then remarked to his grandmother that he was going back to jail. In his brief, Defendant argues that his statement "I'm going back to jail"
"clearly put [the police] on notice that [Defendant] thought he was in custody and did not have a choice in the matter. Accordingly, the Detectives were required by Miranda to read [Defendant] his rights and made sure that [he] he understood them before they asked him any questions at all[.]"
This Court does not agree with Defendant's analysis. At the time the detectives came to Defendant's home to speak with him, he was not under arrest and was not in custody. We agree with the trial court's reasoning that the statements made to the detectives were spontaneous and not the result of any interrogation. In State v. Perry (Oct. 9, 1996), Case No. 17754, this Court stated:
"The United States Supreme Court made it clear that a defendant's voluntary comments and confessions are not covered by the Miranda ruling: Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated. * * * Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today. Remarks that are not in response to any form of interrogation are fully admissible. Statements that are the product of a defendant's `own initiative in the absence of any other words or actions likely to elicit an incriminating response' are not subject to Miranda protections." (Internal citations and emphasis omitted) Id. at 7-8.
 {¶ 13} Furthermore, the trial court did not err when it failed to suppress the statements Defendant made at the police station following a signed waiver of his Miranda rights. When this Court considers the statements Defendant made under the totality of the circumstances test, we cannot find that the statements were the result of police coercion. In its judgment entry dated November 30, 2004, the trial court made specific findings regarding the totality of the circumstances test factors:
"In considering these factors, the Court notes that the Juvenile is seventeen (17) years of age. He has a prior history of delinquent behavior and had been recently released from the Ohio Department of Youth Services and placed on parole. The Juvenile was subject to only a brief period of questioning and was not subjected to any physical deprivation or inducement. Further, the statements given at the station followed a waiver of the Juvenile's Miranda rights. The Court finds that the statements given at the station were voluntarily given and, therefore, are admissible at Trial."
After reviewing the record, we conclude that the trial court's findings were supported by evidence on the record, including Defendant's extensive criminal background, the testimony by the officers involved and the fact that Defendant was allowed to call his mother during the interview. Defendant had waived his Miranda rights at the time of questioning, and therefore, the trial court did not err when it permitted such statements to be admissible.
 {¶ 14} Finally, Defendant asserts in his brief that the police allowed Defendant to be interviewed by his parole officer after he invoked his right to counsel showed that "none of the statements given were within the appropriate guidelines and with informed consent." However, Defendant's motion to suppress does not address the statements Defendant made to his parole officer while at the police station, and this issue is also absent from the trial testimony. "Issues not raised and tried in the trial court cannot be raise for the first time on appeal." Holman v.Grandview Hosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157. Defendant's failure to raise this issue before the trial court operates as a waiver of his right to assert it for the first time on appeal.Hypabyssal, Ltd. v. Akron Hous. Appeals Bd. (Nov. 22, 2000), 9th Dist. No. 20000, at 5, citing State ex rel. Zollner v. Indus. Comm. (1993),66 Ohio St.3d 276, 278. See App.R. 12(A)(2) and App.R. 16(A)(7). Consequently, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in finding [Defendant] a delinquent child by way of receiving stolen property as the conviction is not supported by sufficient evidence."
 {¶ 15} In his second assignment of error, Defendant asserts that the trial court erred when it adjudicated him as a delinquent child, as this finding was not supported by the evidence. We find this argument to be without merit.
 {¶ 16} A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.02(F)(1). "This Court utilizes the same standard of review applicable to criminal convictions claimed to be unsupported by sufficient evidence when determining whether sufficient evidence supports a trial court's delinquency adjudication." In Re Rumph, 9th Dist. No. 20886, 2002-Ohio-4525, at ¶ 18, citing In re Jordan (Sept. 12, 2001), 9th Dist. No. 01CA007804.
 {¶ 17} When reviewing the sufficiency of the evidence, an appellate court's inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386;State v. Jenks (1991), 61 Ohio St.3d 259, 273. "The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt." (Citations omitted.) Jordan, supra, at 7. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins,78 Ohio St.3d at 390 (Cook, J. concurring).
 {¶ 18} R.C. 2913.51(A) states: "No person shall receive, retain or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." In this case, Defendant admitted he had gone to the dealership with friends, and knew that one of his friends had stolen the lock boxes with the keys to the vehicles. The next day he saw his friends riding in the vehicles and admitted that he knew the cars were stolen. Defendant also told police that they would find his fingerprints in one of the cars because he had driven it and been riding in it. A juvenile is properly found delinquent by reason of receiving stolen property when he rides in an automobile that he knows to be stolen. In re Bickley (June 23, 1993), 9th Dist. No. 15974, at 3-4.
 {¶ 19} The trial court, after hearing all the evidence and testimony, found Defendant delinquent by reason of receiving stolen property. After careful review of the entire record, this Court finds that the State presented sufficient evidence to support the trial court's adjudication of Defendant as a delinquent child based on the underlying offense of receiving stolen property, as well as Defendant's probation violation as a result of this offense.
 {¶ 20} Defendant's two assignments of error are overruled and the judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Moore, J., Concur