JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant James Beasley appeals from his conviction for robbery, asserting that he was denied a speedy trial, that he was denied due process, that he was denied effective assistance of counsel, and that his conviction was not supported by sufficient evidence and contravened the manifest weight of the evidence. We find no error in the proceedings below and affirm the common pleas court's judgment.
 Factual and Procedural History {¶ 2} Appellant was charged with robbery and falsification in a two-count indictment filed April 5, 2005. On July 12, 2005, he moved the court to dismiss the charges for failure to provide him with a speedy trial. The court overruled this motion.
 {¶ 3} Appellant then waived his right to a jury trial and proceeded to trial before the court on July 13, 2005. The state's sole witness at trial was Robert Reynolds, a security guard. Reynolds testified that he was employed by Security Hut and was assigned to work at a Tops Supermarket on St. Clair Avenue in the City of Cleveland on August 11, 2004. He saw appellant enter the store. When appellant returned to the front of the store, he observed bulges in appellant's clothing that were not there before. He asked a cashier to call the police, then asked appellant if he could speak with him and began walking with him toward a back room. As they reached the back room, appellant tried to run away. Batteries and soap fell out of appellant's clothing as Reynolds, a store supervisor and other store employees wrestled with him. An off-duty police officer helped to get appellant under control. Police then arrived and arrested appellant. Reynolds was cut on the leg by broken glass during the altercation. He treated this wound himself.
 {¶ 4} At the conclusion of the state's case, the court dismissed the falsification charge. Appellant presented no evidence in his own defense. The court found appellant guilty of robbery, and sentenced him to five years of community control on the condition that he submit to regular alcohol testing and both regular and random drug testing; that he perform 50 hours of community service for each year of supervision, for a total of 250 hours; and that he obtain and maintain verifiable employment. The court warned appellant that violation of these terms could result in more restrictive sanctions or a prison term of four years. Finally, the court ordered appellant to pay restitution and a supervision fee.
 Law and Analysis {¶ 5} Appellant's first two assignments of error contend that he was deprived of his statutory and constitutional rights to a speedy trial. Our review of these assignments of error is hampered by the fact that the record does not contain anyevidence of the proceedings in other cases relevant to our calculations. With one exception, however, the parties agree on the relevant dates, so we will consider these dates as stipulated.
 {¶ 6} Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days after the person's arrest. The parties agree that appellant was arrested on August 11, 2004; at the time of his arrest, he gave police his brother's name. He was released on August 14. The parties agree that the three day period from appellant's arrest on August 11, 2004 until his release on August 14, 2004, should be counted as nine days, pursuant to the triple-count provision of R.C.2945.71(E).
 {¶ 7} Appellant's brother was indicted on September 16, 2004. The case was called for arraignment on September 30, 2004. A capias was issued at that time. Appellant's true identity was discovered and the indictment was amended on December 6, 2004 at the prosecutor's oral request. The time period between appellant's release under a false identity and the date the indictment was amended must be excluded for purposes of determining whether appellant received a speedy trial. R.C.2945.72(D) provides that the time within which the accused must be brought to trial may be extended by "any period of delay occasioned by the neglect or improper act of the accused." The false information appellant gave to the police must be considered an improper act which delayed the prosecution. Therefore, the period between the date of appellant's release and the date the indictment was amended may be excluded from our speedy trial calculations. State v. Denard (May 2, 1985), Cuyahoga App. No. 49062.
 {¶ 8} At the time the indictment was amended, appellant was serving a sentence of imprisonment for a probation violation. The parties dispute the length of this sentence: appellant contends that it expired on June 4, 2005, while the state contends that it did not expire until November 1, 2005. For purposes of this appeal, we will assume that the sentence expired on June 4, 2005 as asserted by appellant. Although appellant was in jail at the time the indictment was amended, he was not "held in jail in lieu of bail on the pending charge," and the triple-count provisions of R.C. 2945.71(E) do not apply. Each day from December 6, 2004 to June 4, 2005 counts as a single day, for a total (including the nine days from the time of appellant's arrest) of 189 days.
 {¶ 9} Accepting appellant's assertion that the sentence in the other matter expired on June 4, 2005, from June 5, 2005 to the date this case was initially set for trial, June 28, 2005, appellant was in jail solely on the pending charge. Each of those 24 days must be counted as three days, for a total of 72 days. Added to the previous 189, this brings the total to 261.
 {¶ 10} On June 28, 2005, the court continued the trial to July 13, 2005, because the court was in trial in another criminal matter. This constitutes a reasonable continuance other than upon the accused's own motion. State v. Driver, Mahoning App. No. 03 MA 210, 2006-Ohio-494, ¶ 14. Accordingly, we find appellant was brought to trial within the 270 day time period set forth in R.C.2945.71. The first and second assignments of error are therefore overruled.
 {¶ 11} Appellant's third assignment of error claims that the court deprived him of due process by systematically attributing continuances to him which he did not request in order to deprive him of a speedy trial. The calculations above do not extend the speedy trial time as a result of any continuances allegedly granted at the defendant's request. Even without considering those continuances, appellant was still brought to trial within the statutory time. Consequently, appellant has not demonstrated that he was harmed by this alleged policy, or that it deprived him of a speedy trial. We overrule the third assignment of error.
 {¶ 12} Fourth, appellant contends that his attorney provided ineffective assistance when the attorney filed a motion to dismiss for failure to provide a speedy trial which contained inaccurate calculations. Counsel made a mathematical error, and as a result showed that the total number of days elapsed for speedy trial purposes was 367 days, rather than 407. Appellant could not have been prejudiced by this error. Both totals exceed the 270 day speedy trial period by a considerable margin; even the inaccurate figure shown supported counsel's argument. In any case, neither the trial court nor this court accepted counsel's calculations. Consequently, appellant has not shown that there is a reasonable probability that the outcome would have been different but for counsel's error. See, e.g., State v. Newton,108 Ohio St.3d 13, 32, 2006-Ohio-81, ¶ 100. The fourth assignment of error is overruled.
 {¶ 13} Appellant's remaining assignments of error challenge both the sufficiency and the weight of the evidence to support his conviction. The indictment charged that appellant "did, in attempting or committing a theft offense, as defined in Section2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense upon Tops Supermarket, inflict, or attempt to inflict, or threaten to inflict, physical harm on Robert Reynolds."
 {¶ 14} First, appellant asserts that he did not inflict or attempt to inflict harm "in attempting or committing a theft offense" or "in fleeing immediately after the attempt or offense," because his attempt to flee did not immediately follow the theft. In making this assertion, appellant relies upon Statev. Thomas, 106 Ohio St.3d 133, 2005-Ohio-4106. Thomas is distinguishable from the present case. In Thomas, the defendant left a store with stolen merchandise, dropped it and continued to walk away from the store, entering a laundromat. He was approached by a uniformed off-duty police officer, who asked the defendant to accompany him back to the store. As they approached the store, the defendant struck the officer and attempted to flee. The court in that case noted that the defendant was no longer exerting control over the stolen merchandise, so the use of force could not be said to have occurred during the commission of the offense. Furthermore, the court found that there was a lapse of time between the theft and the attempt to flee, so that the defendant's flight could not be said to have immediately followed the theft.
 {¶ 15} In this case, by contrast, appellant was still exerting control over the stolen merchandise when he injured Mr. Reynolds. There was no lapse of time between the commission of the theft and the attempt to flee during which Reynolds was harmed. Therefore, we overrule the fifth assignment of error.
 {¶ 16} Next, appellant argues that the injury to Reynolds was so slight that it did not constitute physical harm as a matter of law. We disagree. R.C. 2901.01 defines physical harm to persons as "any injury, illness or other physiological impairment,regardless of its gravity or duration." (Emphasis added.) A cut constitutes physical harm. See, e.g., Akron v. Morgan (Feb. 2, 2000), Summit App. No. 19444, at pp. 4-7. In any case, the statute prohibits not only causing physical harm but also attempting to cause physical harm. A rational factfinder could have found beyond a reasonable doubt that appellant's struggles with Reynolds and the others were an attempt to harm them so that they would release him and allow him to flee. See State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. We therefore overrule the sixth assignment of error.
 {¶ 17} Finally, appellant claims that the cause of Reynolds' injury was so vague that it cannot be said that appellant inflicted the physical harm on him. Because there was no testimony that appellant caused the glass container to break, appellant claims there is no proof that he caused Reynolds' cut. A person is presumed to have intended the natural and probable consequences of his actions. See, e.g., State v. Tate, Cuyahoga App. No. 87008, 2006-Ohio-3722, ¶ 35. Furthermore, as noted above, a rational factfinder could have found beyond a reasonable doubt that appellant attempted to cause physical harm to Reynolds by struggling with him. Therefore, we overrule the seventh and final assignment of error.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
James J. Sweeney, P.J., and Mary Eileen Kilbane, J., concur.