DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, J.H. appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child. We reverse.
 {¶ 2} On March 4, 2008, a complaint was filed against J.H. for robbery in violation of R.C. 2911.02(A)(2), a third-degree felony if committed by an adult. The complaint was later amended to correct the degree of the offense charged to a second-degree felony. The complaint was filed after it was alleged that J.H. demanded money from another juvenile (P.S.) and then assaulted P.S., causing him injury in the vicinity of Goodyear Middle School. J.H. denied the charges and the matter proceeded to adjudication before a magistrate on April 7, 2008. On April 11, 2008, the magistrate issued her decision finding J.H. delinquent by robbery. On April 11, 2008, the trial court issued an order approving and entering the magistrate's decision and scheduling a disposition hearing for April 18, 2008. J.H. was committed to DYS for a minimum *Page 2 
term of 12 months to a maximum term to age twenty-one. J.H. was represented by counsel at all times after the preliminary hearing. J.H. timely appealed and raises one assignment of error.
 Assignment of Error "The trial court violated J.H.'s right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article I, Section Sixteen of the Ohio Constitution, and Juvenile Rule 29(E)(4) when it adjudicated him delinquent of robbery absent proof of every element of the charge against him by sufficient, competent, and credible evidence. (April 7, 2008, T.p. 65); (Tab B, A-2-4; Tab C, A-5-7)."
 {¶ 3} In his sole assignment of error J.H. argues that there was not sufficient evidence to support his delinquency by robbery adjudication. Specifically, J.H. argues there was no evidence that J.H. caused P.S. physical harm while attempting to commit a theft offense or while fleeing immediately thereafter as required by R.C. 2911.02(A)(2). This Court agrees.
 {¶ 4} As we stated in In re M.B., 9th Dist. No. 22537, 2005-Ohio-5946:
 "A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.02(F)(1). `This Court utilizes the same standard of review applicable to criminal convictions claimed to be unsupported by sufficient evidence when determining whether sufficient evidence supports a trial court's delinquency adjudication.' In Re Rumph, 9th Dist. No. 20886, 2002-Ohio-4525, at ¶ 18, citing In re Jordan (Sept. 12, 2001), 9th Dist. No. 01CA007804.
 "When reviewing the sufficiency of the evidence, an appellate court's inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386; State v. Jenks (1991), 61 Ohio St.3d 259, 273. `The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.' (Citations omitted.) Jordan, supra, at 7. Furthermore, a reviewing court is not to assess `whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.' Thompkins, 78 Ohio St.3d at 390 (Cook, J. concurring)." In re M.B. at ¶ 16-17. *Page 3 
 {¶ 5} J.H. was found delinquent by robbery in violation of R.C. 2911.02(A)(2), which states that, "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall *** [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]" R.C. 2923.02(A) defines "attempt" as "purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, * * * engag[ing] in conduct that, if successful, would constitute or result in the offense." Purpose refers to the "specific intention to cause a certain result, or * * * to engage in conduct of [a certain] nature." R.C. 2901.22(A).
 {¶ 6} J.H. does not contest that P.S. was physically harmed; that the demand for money constituted a theft offense; and that J.H. did not complete the theft. J.H. argues instead that "the infliction of physical harm was wholly separate from the attempted theft offense and did not occur while [J.H.] was `fleeing immediately after' the attempted theft." J.H. maintains that the evidence at trial demonstrated that he asked P.S. for money, which P.S. did not have ("first encounter"); that P.S. left the scene and crossed the street to call his mother on his cell phone; and that J.H. and another boy then caught up with P.S. and pulled him to the ground causing him injury ("second encounter"). J.H. argues that he did not demand money or anything else from P.S. during the second encounter and thus, he did not attempt a theft and the injury to P.S. accordingly did not occur during an attempted theft. J.H. also maintains that there was delay between the first encounter and second encounter and he was not fleeing from an attempted theft when he pulled P.S. to the ground. See, e.g., State v. Thomas, 106 Ohio St.3d 133,2005-Ohio-4106, at ¶ 15-17.
 {¶ 7} The trial court found that "the State has proven beyond a reasonable doubt that [J.H.] is a delinquent child by robbery [because he] engaged in a continuing course of conduct *Page 4 
that started with repeatedly asking for money, demanding that the victim empty his pockets, following the victim and finally throwing him to the ground in an attempt to commit a theft offense."
 {¶ 8} R.C. 2911.02(A) is worded in the disjunctive; i.e., that robbery is established if the fact-finder concludes that the physical harm was caused while a defendant was attempting to commit a theft offenseor while the defendant was fleeing immediately after such conduct. Thus, the fact-finder must conclude that P.S. was injured while J.H. was attempting to commit a theft offense or while J.H. was fleeing the first encounter.
 {¶ 9} P.S. testified that he was a block away from school, after leaving for the day, when J.H. and another boy with J.H. asked him for money. P.S. testified that he told the boys he did not have any money and that he emptied his pants pockets showing them that he only had a piece of paper and a pencil. P.S. explained that he then crossed the street and called his mother on his cell phone. P.S. stated that as he was on the phone with his mother, the boys started following him calling him "names and stuff like that." P.S. stated that he hung up the phone and put it in a "hidden pocket inside his coat." The boys then started picking up speed, P.S. testified, and he started to run. P.S. stated that J.H. caught up with him, however, and pulled him to the ground by the ankle/calf P.S. finally explained that he got up from the ground and ran back to the school. P.S. testified that three to five minutes passed between first encounter and the second encounter.
1. Attempted theft during the second encounter
 {¶ 10} The State contends that evidence establishes that J.H. was aware of the fact that P.S. was using a cell phone after the first encounter and that the evidence, viewed in the light *Page 5 
most favorable to the prosecution, is sufficient to allow the fact-finder to conclude that the second encounter was an attempt to steal P.S.'s cell phone or backpack.
 {¶ 11} P.S. testified that he was speaking to his mother on the cell phone 10 to 15 feet away from J.H. and that he spoke to her for a minute and a half, after which he put the phone in his jacket pocket. P.S. also stated that the boys did not ask him to empty his jacket pocket or his backpack during the first encounter. Neither, P.S. stated, did J.H. ask him for anything during the second encounter. The fact that P.S. was on the cell phone 10 to 15 feet away from J.H. does not, even when viewed in the light most favorable to the prosecution, demonstrate that J.H. injured P.S. in an attempt to steal the cell phone or backpack. We do not see how following P.S. after demanding money, calling him names, the possibility that J.H. knew P.S. had a cell phone, and pulling P.S. to the ground demonstrates purposeful or knowing conduct, which, if successful, would have resulted in the theft of P.S.'s cell phone or backpack. Accordingly, "after viewing the probative evidence and inferences reasonably drawn in the light most favorable to the prosecution," we hold that a rational trier of fact could not have found beyond a reasonable doubt all the essential elements of robbery based on attempted theft during the second encounter. See In re M.B. at ¶ 17.
2. Fleeing immediately after first encounter
 {¶ 12} J.H. next alleges that there was insufficient evidence to find him delinquent by robbery because the first and second incidents were separate and J.H. was not fleeing the first incident when he injured P.S.
 {¶ 13} We must first determine whether, after viewing the evidence in the light most favorable to the state, a rational person could find that J.H.'s actions constituted fleeing. The word is not defined in the Ohio Revised Code. See Thomas at ¶ 15. Thus, we turn to "the time-honored *Page 6 
rule that words used by the General Assembly are to be construed according to their common usage." Id., quoting Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 103. "To `flee' is `[t]o run away from,' `to try to escape,' `to hasten for safety' or `[t]o withdraw hastily.'" Thomas at ¶ 15, citing V Oxford English Dictionary (2d Ed. 1989) 1037. See, also, Columbus v. Fantozzi (Mar. 10, 1981), 10th Dist. Nos. 80AP-737, 80AP-738, 80AP-739, and 80AP-740, at *7 (citing to "Webster's Third New International Dictionary *** [which] gives several definitions for `flee,' including `to run away,' or `to endeavor to avoid or escape from' or `to leave abruptly.'").
 {¶ 14} Thus, the court is left to decide whether a reasonable person could find that J.H. was attempting to run away or to avoid escape resulting in injury to P.S. It is clear that he was not. The undisputed evidence is that J.H. intentionally followed P.S., calling him names, and ultimately pulled him down to the ground. J.H. was not trying to escape. The proximity of the first incident to the second incident is not relevant to this analysis as J.H. was not fleeing.
 {¶ 15} Accordingly, viewing the evidence in the light most favorable to the State, a rational person could not find beyond a reasonable doubt that J.H.'s actions constituted fleeing and thus there is insufficient evidence to establish all of the essential elements of robbery based on such flight. See In re M.B. at ¶ 17.
 {¶ 16} We further disagree with the trial court's conclusion that J.H. injured P.S. during a continuing course of conduct related to the first incident. It is well-established that "in order to prove robbery, it is necessary for the state to demonstrate that the use or threatened use of force coincided in time with the intent to commit theft." State v.Goodson (Sept. 4, 1996), 9th Dist. No. 2537-M, at *2, citing State v.Ballard (1984), 14 Ohio App.3d 59, 61. P.S. testified that the attempted theft only occurred during the first incident, that three to five minutes passed, and that *Page 7 
J.H. did not threaten or attempt to steal from him prior to pulling him to the ground during the second incident. P.S. also testified that as J.H. was following him, he was calling him names, not making any comments related to a theft. The unfortunate injury to P.S. appears to be a case of excessive bullying and under the facts of this case, does not rise to the level of robbery.
 {¶ 17} P.S.'s assignment of error is sustained and the judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 MOORE, P. J., DICKINSON, J. CONCUR. *Page 1