OPINION
{¶ 1} Appellant, M.T., Delinquent Child, appeals from the July 24, 2008 judgment entry of the Ashtabula County Court of Common Pleas, Juvenile Division, denying her motions for stay and early release, overruling her objections to the magistrate's decision, and finding her guilty of robbery.
 {¶ 2} On March 4, 2008, a complaint was filed against appellant, age seventeen, alleging that she was delinquent by reason of having committed the offense of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2). Appellant denied the charge. *Page 2 
 {¶ 3} An adjudicatory hearing was held before the magistrate on March 17, 2008.
 {¶ 4} The evidence revealed the following: on March 3, 2008, security personnel at Walmart in Ashtabula County, Ohio, observed four females, including appellant, in the little boy's underwear aisle. Kellie Pocatko ("Pocatko"), asset protection coordinator at Walmart, and Robert Denton ("Denton"), an asset protection associate, both testified for appellee, the state of Ohio, that they saw all four girls conceal several items in a duffle bag and underneath appellant's coat, which was located in their shopping cart. In addition to Pocatko's and Denton's observations, a security DVD from Walmart documented the incident.
 {¶ 5} Appellant walked back and forth, both in front of and behind the shopping cart and the other three girls. Pocatko deemed appellant's behavior as "suspicious" and opined that appellant was a "look-out" for the others at that time.
 {¶ 6} The girls proceeded to the self checkout lanes. They made several small purchases using the same gift card. The concealed items were still in the shopping cart under appellant's coat. The girls were stopped in the vestibule area between the interior of the store and the parking lot by several Walmart employees, including Pocatko, Denton, and Nicole Osterberg ("Osterberg"), an assistant manager. The three employees advised the girls that they were observed taking and concealing objects without paying for them, and escorted them to the asset protection office, located just off of the vestibule area.
 {¶ 7} Within a matter of a few seconds, all four girls pushed their way out of the office. Pocatko, Denton, and Osterberg, who also testified for the state, indicated that *Page 3 
all four girls became violent and forceful. One of the girls pushed Pocatko against a pop machine, then punched her in the side. Osterberg testified that appellant pushed her, which caused her to fall and jar her wrists.
 {¶ 8} The girls ran out of the store and into the parking lot, but were detained, within seconds, a second time by employees. Arlis Neal Stout ("Deputy Stout"), a deputy sheriff with the Ashtabula County Sheriff's Department, testified for the state that he arrived at the scene, identified the suspects, and searched the shopping cart, which revealed over $350 in stolen merchandise.
 {¶ 9} Pursuant to her March 21, 2008 decision, the magistrate found appellant to be delinquent by reason of having committed robbery.
 {¶ 10} A disposition hearing was held on March 21, 2008. Pursuant to its March 26, 2008 judgment entry, the trial court adopted the magistrate's decision. The trial court ordered that appellant be committed to the Ohio Department of Youth Services ("ODYS") for an indefinite term ranging from one year or until her twenty-first birthday.
 {¶ 11} On March 28, 2008, appellant filed objections to the magistrate's decision and a motion for stay. On June 4, 2008, appellant filed a motion for early release from ODYS.
 {¶ 12} Pursuant to its July 24, 2008 judgment entry, the trial court denied appellant's motions for stay and early release, and overruled her objections to the magistrate's decision. It is from the foregoing judgment that appellant filed a timely notice of appeal, asserting the following assignment of error for our review:
 {¶ 13} "The juvenile court erred in finding the evidence sufficient to find juvenile true of committing robbery beyond a reasonable doubt." *Page 4 
 {¶ 14} In her sole assignment of error, appellant argues that her delinquency adjudication for robbery was not based on sufficient evidence. Appellant concedes that she was involved in shoplifting. However, appellant stresses that the state failed to prove that she was fleeing immediately after the theft occurred.
 {¶ 15} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13, the standard of review for a sufficiency of the evidence claim is "`"* * * whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about dueprocess. It raises a question of law, the resolution of which does notallow the court to weigh the evidence. * * *'" (Citations omitted.) (Emphasis sic.) "In essence, sufficiency is a test of adequacy[;] [w]hether the evidence is legally sufficient to sustain a verdict * * *."State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Thus, sufficiency of the evidence tests the burden of production. Id. at 390.
 {¶ 16} R.C. 2911.02(A)(2) sets forth the elements of robbery as follows: "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]"
 {¶ 17} In the case at bar, we disagree with appellant that because she had left the store and was detained for further questioning after returning, she was not "fleeing" immediately after the theft. First, we note that there is no evidence that appellant abandoned the stolen merchandise before re-entering the store. See, e.g., State v. *Page 5 Beasley, 8th Dist. No. 87070, 2006-Ohio-4882, at ¶ 14. The testimony revealed that the stolen items were taken into the store's security office with appellant and her co-defendants. In addition, after immediately being asked to return to the store by security personnel, Osterberg indicated that appellant pushed her which caused her to fall and jar her wrists. Since the facts of this case demonstrate that appellant committed a theft offense and inflicted physical harm on Osterberg immediately after the theft, in an attempt to flee, we conclude that the record contains sufficient evidence, upon which a rational trier of fact could find that appellant committed the offense of robbery.
 {¶ 18} Pursuant to Schlee, supra, considering the evidence in a light most favorable to the prosecution, the trier of fact could have found appellant guilty of robbery beyond a reasonable doubt.
 {¶ 19} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, is affirmed.
 DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1