[Cite as *State v. Swiggett*, 2017-Ohio-8203.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2017-T-0003 |
| MARLON A. SWIGGETT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00528.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow,* 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Marlon A. Swiggett, appeals from the judgment of the Trumbull County Court of Common Pleas convicting him, after a trial to the bench, of robbery, a felony of the second degree. We affirm the judgment of the trial court.

{¶2} On April 20, 2015, Walmart Loss Prevention officers Brittany Placer and Jared Korbini were monitoring the sales floor for potential shoplifters. Ms. Placer observed two males; one African-American, appellant; and one Hispanic, near the lawn

and garden section selecting merchandise with no regard for the price. According to Ms. Placer, the individuals were just "putting anything in the buggy." Once their shopping cart was full, the individuals proceeded to the front of the store, bypassed the cash registers, and left through the general-merchandise exit.

{¶3} Ms. Placer and Mr. Korbini confronted the men at the exit and identified themselves as loss-prevention officers. The men were asked to accompany the officers to their office. At first, the men were non-compliant and standoffish; ultimately, however, they agreed to go with the officers. Ms. Placer, with another Walmart employee, Greg Hagee, entered the office, with the suspects, which was near the exit where the men were confronted. And Mr. Korbini remained outside the door and phoned the police. While in the office, appellant remained antsy and refused to sit. Suddenly, he grabbed Ms. Placer and pushed her aside to flee the office. The men subsequently ran out and an altercation ensued with Mr. Korbini. As Ms. Placer attempted to assist, appellant punched her in the stomach. Both men successfully fled the store and left in a vehicle. Ms. Placer and Mr. Hagee were able to get a vehicle description, a white Lexus, and a license plate number, which they provided to police. Ultimately, the men attempted to take $383.38 of Walmart merchandise. Approximately two and one-half minutes elapsed between the initial stop of the suspects and their ultimate flight.

{¶4} Detective Joe Sofcheck of the Bazetta Township Police Department was dispatched to the store. Upon arriving, he spoke with Ms. Placer and Mr. Korbini. He noticed Ms. Placer's and Mr. Korbini's shirts were somewhat disheveled. Detective Sofcheck also took a statement from Mr. Hagee. The detective retrieved and reviewed

the video surveillance from the store's closed-circuit monitoring system. He also obtained a copy of the register receipt prepared by the store. The detective ran the license plate number and found the vehicle in question. He determined the plate belonged to a black Tahoe, which did not match the witness' description. The Tahoe, however, was registered to a female with the last name "Swiggett."

{¶5} Detective Sofchek and Detective Shawn Rentz attempted to identify the subjects using Facebook. After an unsuccessful photographic lineup, the police department received a tip from a bonding company, identifying appellant as a potential suspect. From the tip, officers produced a second photo lineup which included a photo of appellant and his accomplice. Ms. Placer positively identified both individuals as the suspects.

{¶6} Appellant was indicted on one count of robbery, a felony of the second degree, in violation of R.C. 2911.01(A)(2) and (B). Appellant pleaded not guilty to the charge. He later entered a plea of guilty to the charge, which he subsequently sought to withdraw. A hearing on his motion to withdraw was held and the trial court granted the same. The matter proceeded to a bench trial at which appellant's defense conceded a theft occurred, but denied appellant committed a robbery. After trial, the court found appellant guilty on the charged count of felony-two robbery. Appellant was sentenced to a three-year term of incarceration, to run consecutively with a federal sentence he was serving in a separate matter and concurrently with a sentence in a separate Trumbull County case. Appellant now appeals and assigns two errors, which provide:

{¶7} "[1.]The trial court's finding that appellant had committed [the] crime of robbery was not supported by sufficient evidence.

3

**{¶8}** "[2.] Appellant's conviction is against the manifest weight of the evidence."

**{¶9}** When a defendant moves the trial court pursuant to Crim.R. 29, he or she is challenging the sufficiency of the evidence. A "sufficiency" argument raises a question of law as to whether the prosecution offered some evidence concerning each element of the charged offense. *State v. Windle,* 11th Dist. Lake No. 2010-L-0033, 2011-Ohio-4171, ¶25. "[T]he proper inquiry is, after viewing the evidence most favorably to the prosecution, whether the jury could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Troisi,* 179 Ohio App.3d 326, 2008-Ohio-6062, ¶9 (11th Dist.).

**{¶10}** In contrast, a court reviewing the manifest weight observes the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Schlee,* 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *5 (Dec. 23, 1994).

**{¶11}** Appellant was convicted of robbery, in violation of R.C. 2911.02(A)(2), which provides:

**{¶12}** (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

**{¶13}** * * *

**{¶14}** (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;

**{¶15}** Appellant asserts the state failed to present sufficient evidence that any infliction or attempt to inflict physical harm on Ms. Placer or Mr. Korbini occurred

4

*immediately after* the theft. He contends there were significant intervening events prior to appellant fleeing the store. To wit, he was stopped, taken into the loss-prevention office, addressed by Walmart employees, and only after these events, did he flee. In appellant's view, these facts demonstrate the lack of "immediacy" required by the statute. In support, appellant cites *State v. Thomas*, 106 Ohio St.3d 133, 2005-Ohio-4106.

{¶16} In *Thomas*, the defendant left a grocery store with stolen merchandise, dropped it, and continued to walk away from the store by entering a nearby laundromat. *Id.* at ¶2. The defendant was then approached by a security guard from the grocery store. The guard asked the defendant to return to the store, to which he agreed. *Id.* As the defendant and security guard approached the grocery store, however, the defendant struck the security guard in the face and attempted to flee. *Id.* The defendant was charged with robbery and convicted. The Supreme Court, in reversing the defendant's robbery conviction, noted that there had been a lapse of time between the theft and the defendant's attempt to flee, so that the defendant's flight could not have been said to have immediately followed the theft. *Id.* at ¶16. The Court observed:

> {¶17} Neither "fleeing" nor "immediately" is defined in the Revised Code. We begin, therefore, "with the time-honored rule that words used by the General Assembly are to be construed according to their common usage." *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 103. To "flee" is "[t]o run away from," "to try to escape," "[t]o hasten for safety," or "[t]o withdraw hastily." V Oxford English Dictionary (2d Ed.1989) 1037. "Immediately" means "[w]ith no person, thing, or distance, intervening in time, space, order, or succession," or "[w]ithout any delay or lapse of time." Id. at VII, 682. Black's Law Dictionary does not define the word "flee." It defines "immediate" as "[o]ccurring without delay." Black's Law Dictionary (8th Ed.2004) 764. *Thomas*, *supra*, at ¶15.

5

**{¶18}** The Court determined "[i]t is readily apparent to us that the evidence was insufficient to show that [the defendant] was 'fleeing immediately after' a theft when he inflicted harm on [the officer.]" *Id.* at ¶16. The court underscored that there was a delay or lapse of time between the theft offense and the attempt to flee and, as a result, the defendant's actions upon returning with the officer to the store was not immediately after the theft offense.

**{¶19}** In response, the state contends this matter is distinguishable from *Thomas*, and is more akin to this court's holding in *State v. Brown*, 11th Dist. Lake No. 2013-L-120, 2014-Ohio-5702. In *Brown*, an Old Navy loss-prevention officer observed the defendant selecting various items and a shopping cart full of clothes. The video from the store revealed the defendant's midsection appeared to significantly expand, while the contents of her cart reduced. The defendant left the store and was apprehended by the officer. The officer spent approximately 15-20 seconds asking the defendant to return to the store, but she refused and ran. The officer pursued her and the defendant commenced dropping clothing. The defendant then turned around and, upon confronting the officer, struck him in an attempt to prevent him from contacting police. *Id.* ¶2-6. This court held that there was "no time lapse between the theft offense and [the defendant's] flight to when she inflicted physical harm. The infliction of physical harm occurred during a continuous effort to flee that involved [the defendant] backtracking to accost [the officer.]. *Id.* at ¶18.

**{¶20}** The state contends the instant case is akin to *Brown* in that appellant was engaged in a "continuous effort to flee" when he inflicted or attempted to inflict harm of Ms. Placer and/or Mr. Korbini. The state emphasizes that the entire incident, from the

6

time appellant was stopped by Ms. Placer and Mr. Korbini until appellant's flight was less than two and one-half minutes.

{¶21} We do not agree that this case is analogous to *Brown*. In this matter, appellant and his accomplice were *not* engaged in a continuing effort to flee Walmart loss prevention staff when the infliction or attempt to inflict physical harm occurred. Nevertheless, we also maintain the instant matter is factually distinct from *Thomas*. In *Thomas*, the defendant abandoned the property in the store's parking lot, entered a separate establishment, and then, after exiting that establishment agreed to accompany the guard, who he subsequently assaulted in an effort to flee. The trial court, as the arbiter of fact in this matter, concluded:

{¶22} "[a]s to the issue of immediacy, the Court finds that as to the Defendant there was an ongoing course of action with no change in intent. The Court notes that the Defendant never completely complied, never sat down, never stopped moving[,] the[n] accosted all three store employees before escaping. The Court finds this to be one continuous offense without a change in Defendant's state of mind, and without any substantial duration."

{¶23} We recognize that the Supreme Court ruled that "immediately," in the context of the robbery statute, means "without delay" or "without any delay or distance," the finder of fact in this matter specifically found there was no "substantial duration" between the theft and the flight during which he inflicted or attempted to inflict harm. In our view, the language "without substantial duration" is tantamount to the term "immediately." This finding is sufficient to meet the basic element of immediacy to prove

7

the crime of robbery. We further hold the trier of fact did not clearly lose its way in drawing the foregoing conclusion.

{¶24} Appellant next argues, under his manifest-weight challenge, that the state failed to present credible evidence that appellant employed force and threw punches in exiting the store. Video evidence demonstrates that appellant shoved Ms. Placer as he fled the interview room. She further testified appellant punched her as he was fleeing and, after exiting the room, engaged in a physical confrontation with Mr. Korbini. The trial court found "it is quite apparent from the video that Defendant attempted, inflicted, or threatened to inflict physical harm on Placer [and] Hagee * * *." This conclusion was supported by credible evidence and, as such, the trier of fact did not lose its way in convicting appellant of robbery.

{¶25} Appellant's assignments of error lack merit.

{¶26} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶27} Because this humble writer finds appellant's conviction for robbery is not supported by sufficient evidence and the trial court's judgment should be reversed and vacated, I respectfully dissent.

8

{¶28} Appellant raises two assignments of error on appeal: a sufficiency argument in his first and a manifest weight argument in his second.

{¶29} "'"Sufficiency" challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the [trier of fact], while "manifest weight" contests the believability of the evidence presented.

{¶30} "'"The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference(s) drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. *The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence.*"'" (Emphasis sic.) *State v. Honzu*, 11th Dist. Trumbull No. 2016-T-0056, 2017-Ohio-626, ¶19-20, quoting *State v. Schlee*, 11th Dist. Lake No. 93-L-082, 1994 WL 738452, *4–5 (Dec. 23, 1994).

{¶31} Appellant was convicted of robbery in violation of R.C. 2911.02(A)(2) which states: "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another[.]"

{¶32} "To 'flee' is '(t)o run away from,' 'to try to escape,' '(t)o hasten for safety,' or '(t)o withdraw hastily.' V Oxford English Dictionary (2d Ed.1989) 1037. 'Immediately' means '(w)ith no person, thing, or distance, intervening in time, space, order, or succession,' or '(w)ithout any delay or lapse of time.' Id. at VII, 682. Black's Law Dictionary does not define the word 'flee.' It defines 'immediate' as '(o)ccurring without

9

delay.'  Black's Law Dictionary (8th Ed.2004) 764."  *State v. Thomas*, 106 Ohio St.3d 133, 2005-Ohio-4106, ¶15.

{¶33}  Based on the facts in this case and pursuant to the Ohio Supreme Court's definition of "immediately" in *Thomas*, this writer determines that the near two and one-half minutes that elapsed between the theft and the flight cannot be deemed "immediately after" the theft.  *See* R.C. 2911.02(A)(2).  "Immediate" or "immediately" means "without delay" or "without any delay" "or distance."  Although two and one-half minutes is not especially long, I find it is a delay.

{¶34}  Appellant did not attempt to flee when he was stopped.  In fact, appellant agreed to accompany Walmart employees into an office where the door was closed.  I believe this is an intervening event, thereby representing a break in any alleged effort to flee.  There was no initial flight, let alone a continuum of flight, from the encounter to the ultimate escape.  Only after some two and one-half minutes did appellant commence flight.  This temporal gap precludes the conclusion that appellant inflicted or attempted to inflict harm immediately after committing the theft offense.  Thus, this writer determines the state failed to present sufficient evidence that appellant was "fleeing immediately" after the theft to sustain his R.C. 2911.02(A)(2) robbery conviction.

{¶35}  Because I find merit in appellant's first assignment of error, I likewise find his second assignment of error, challenging the manifest weight of the evidence, to be moot.  *See* App.R. 12(A)(1)(c).

{¶36}  I respectfully dissent.

10